IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL GIBSON and
CAROLYN GIBSON,

       Plaintiffs,

v.                                           CIV 12-0502 KBM/WDS

KEVIN AUDRAIN and
LORI AUDRAIN,

       Defendants.

## ORDER OF REMAND

THIS MATTER comes before the Court on Plaintiffs' Motions for Remand *(Docs. 5 & 6)*.  Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment.  The Court, having reviewed the motions, response, reply, relevant law, and being otherwise fully informed, finds that the motions are well-taken and will be granted in part.

### BACKGROUND

Shortly after obtaining title, Defendants erected a fence approximately 1,914 feet in length on the east/west boundary that separates the parties' real property.  In response, Plaintiffs filed this action in Tenth Judicial District Court, Quay County, New Mexico seeking damages for trespass, injunctive relief, boundary encroachment, damages and adjudication of legal boundaries as well as asserting rights pursuant to adverse possession and prescriptive easement.  Defendants then filed a notice of removal under 28 U.S.C. § 1441 asserting that diversity of citizenship subject matter jurisdiction lies in federal

court. Contending that the $75,000 amount in controversy requirement for such jurisdiction is not satisfied, Plaintiffs now seek an order remanding the action.

## ANALYSIS

When a plaintiff files a civil action in state court over which the federal district courts would have original jurisdiction, the defendant or defendants may remove the action to federal court. *See* 28 U.S.C. § 1441(a). In addition to federal question jurisdiction, Congress has determined that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332. The parties agree that they are citizens of different states - Texas and New Mexico. Therefore, the sole issue presented here is whether Plaintiff's claims for relief exceed the jurisdictional value of $75,000. If this Court determines that diversity subject matter jurisdiction is lacking, it must remand the action to state court. 28 U.S.C. § 1441(b); *see also Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Defendants bear the burden of proving the requisite jurisdictional amount with all doubts to be resolved against removal. As the Honorable William P. Johnson noted,

> There is a presumption against removal jurisdiction. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995). Moreover, "[i]t is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of [their] constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094–95 (10th Cir.2005). Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal. *See Fajen v. Found., Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing the requirements for federal jurisdiction. *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir.2001).

*Rivera v. Fast Eddie's, Inc.*, 829 F. Supp.2d 1088, 1090 (D.N.M. 2011).  Because state district courts are courts of general jurisdiction, Plaintiffs were not required to declare the amount of relief sought in their Complaint.

In arguing that the $75,000 amount in controversy is met in this case, Defendants read the Complaint to allege that their actions have caused Plaintiffs to be deprived of the beneficial use of their entire one-half *section* of land (320 acres) which has a value greatly exceeding that amount.  *Doc. 12* at 2-3 ("Plaintiffs did not limit the allegations in their complaint to a half acre of ranch land" where the fence was placed).  Defendants read the allegations of the Complaint far too broadly, however.  In context, the reference to the boundaries of the full tract of land is made simply to identify the real property of which only a small part is in controversy.  *See Doc. 1*.  Indeed, Count One specifically states that the "replacement fence" erected by Defendants "constitutes a continuing trespass upon the property of the Plaintiff (sic) and denies them the beneficial use of *that* land."  *Doc. 1-1* at 8 (emphasis added).  Plaintiffs' motions to remand further clarify that only the loss of that one-half *acre* is at issue.  *See Doc. 5* at 2.  And, Defendant Kevin Audrain concedes that the current market value of similar ranch land in Quay County is just "$500 to $600 per acre."  *Doc. 12* at 5.

Defendants also rely on conjecture and inflated numbers in their attempt to meet the $75,000 hurdle.  They contend that Plaintiffs might seek money for damage to the grass by the individuals hired to build the fence or for other unspecified damages to Plaintiffs' cattle operations.  Should Plaintiffs prevail, costs for a survey and new fence (estimated at $4,500) might also be included as damages.  *See generally Audrain Affidavit, Doc. 12-1*.  Simply put, however, Defendants have failed to demonstrate by a

preponderance of the evidence that the amount would exceed $75,000 based upon the facts of the case at issue.

Finally, Plaintiffs seek attorney fees and costs that were incurred in defeating removal. The law provides that "[a]n order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447 (c) (emphasis added). Thus, an award of attorney fees under this provision is discretionary and is usually not awarded where the removing party "had objectively reasonable grounds to believe the removal was legally proper." *Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1148 (10th Cir. 2004). Based on the Complaint's lack of precise allegations as to the relief sought and the undisputed history that Plaintiffs previously resorted to criminal charges in association with the alleged trespass, I find Defendants "had a fair basis for removing the case." *See Martin*, 393 F.3d at 1146 (10th Cir. 2004), quoting *Daleske v. Fairfield Cmtys, Inc.*, 17 F.3d 321, 324 (10th Cir. 1994). Thus, I am unpersuaded that an award of attorney fees and costs is warranted.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiffs' Motions to Remand *(Docs. 5 & 6)* are **granted in part**. This matter is remanded to State of New Mexico, Tenth Judicial District Court, Quay County. In all other respects, the motions are **denied.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE